UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICO WALLACE,

       Petitioner,                    CIVIL ACTION NO. 04-CV-40221-FL

vs.                           DISTRICT JUDGE PAUL V. GADOLA
                                   MAGISTRATE JUDGE DONALD A. SCHEER
ANDREW JACKSON,

       Respondent.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: The instant Petition for Writ of Habeas Corpus should be dismissed as Petitioner has shown no violations of his federal constitutional rights.

\*   \*   \*

Petitioner, Derrico Wallace, a Michigan prisoner convicted of possession with intent to deliver between 225 and 650 grams of cocaine, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, on August 10, 2004, challenging the validity of his underlying state conviction. Following a jury trial, Petitioner was convicted on August 30, 2000, of possession with intent to deliver over 225 grams of cocaine in the Wayne County Circuit Court.  The court sentenced him to between twenty and thirty years' imprisonment.

Petitioner filed an appeal as of right in the Michigan Court of Appeals and, in an unpublished per curiam opinion dated March 20, 2003, the Court affirmed the conviction. (Docket #237115).  Thereafter, Petitioner filed an application for leave to appeal with the

Michigan Supreme Court. On August 29, 2003, the Court denied leave to appeal in a standard order (Docket #123818).

Petitioner then filed the instant Petition for Writ of Habeas Corpus in this Court challenging his conviction on the following ground:

> Petitioner was deprived of his Sixth Amendment right to an impartial jury drawn from a fair cross section of the community.

Respondent filed an Answer to the Petition on February 22, 2005, contending that Petitioner has failed to establish a prima facie violation of the fair-cross-section requirement of the Sixth Amendment.  Respondent maintained that the state courts' rejection of Petitioner's jury selection claim did not result in decisions that were contrary to, or unreasonable applications of, Supreme Court precedent. Petitioner has not filed a reply to Respondent's Answer to date.  The case was referred to the undersigned on November 7, 2005.

STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), effective April 24, 1996, significantly changed the manner in which federal courts review habeas petitions. See 28 U.S.C. § 2254.  Pursuant to the amended provisions of § 2254(d), a writ of habeas corpus may not be granted unless the state court proceedings:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

In reviewing the petition to determine, pursuant to subsection (2), whether the decision was based on an unreasonable determination of facts, we presume correct the factual findings made by the state court, § 2254(e)(1), and the petitioner may rebut the presumption of correctness only with clear and convincing evidence. Warren v. Smith, 161 F.3d 358, 360-361 (6th Cir. 1998).

On April 18, 2000, the Supreme Court issued a decision in Williams v. Taylor, 529 U.S. 362 (2000), setting forth the standard of review that a federal habeas court must apply under § 2254(d) with respect to the effect of federal law.  The Court held that a decision of the state court is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Id. at 412. The Court further held that an "unreasonable application" occurs when "the state court identifies the correct legal principle from this Court's decision but unreasonably applies that principle to the facts of the prisoner's case." Id. at 408.  A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411.

JURY VENIRE

The Sixth Amendment to the United States Constitution guarantees defendants in criminal cases "the right to a speedy and public trial, by an impartial jury of the State

and district wherein the crime shall have been committed . . . ."  This right to an impartial jury includes the right to a jury drawn from a "fair cross section of the community."  Taylor v. Louisiana, 419 U.S. 522, 526 & 530 (1975).  As the Supreme Court has emphasized, however, there is "no requirement that petit juries *actually chosen* must mirror the community."  Id. at 538 (emphasis added).  "Defendants are not entitled to a jury of any particular composition, . . . but the jury wheels, pools of names, panels or venires from which juries are drawn must not systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof."  *Id.* (citations omitted).  United States v. Forest, 355 F.3d 942, 953 (6th Cir. 2004), *vacated on other grounds by* Garner v. United States, __ U.S. __, 125 S. Ct. 1050 (2005).

In order to establish a prima facie violation of the fair-cross-section requirement, the defendant must show (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.  Duren v. Missouri, 439 U.S. 357, 364 (1979).

"Systematic" in this context means "inherent in the particular jury-selection process utilized."  Id. at 366.  "In Duren, the under-representation was evident in every weekly venire for a period of nearly a year.  Continued under- representation made it evident that such under-representation was systematic . . . ."  Ford v. Seabold, 841 F.2d 677, 685 (6th Cir. 1988).

4

Petitioner alleged that he was denied his Sixth Amendment right to an impartial jury drawn from a fair cross-section of the community.  Even though African Americans make up nearly 82 percent of Detroit residents, Petitioner contends that there was a much smaller percentage (20.4 percent) of African-American jurors in the entire jury pool assigned to his case. Petitioner's claim should be rejected as being without merit since he has failed to establish a prima facie violation of the fair-cross-section requirement.

Petitioner has satisfied the first prong of Duren, since "African Americans are a distinctive group in the community."  Forest, 355 F.3d at 953 (citing Lockhart v. McCree, 476 U.S. 162, 175 (1986)).  However, Petitioner has not satisfied the second component of the test, for he has failed to provide evidence that the representation of African Americans in venires from which juries are selected in Wayne County, Michigan was not fair and reasonable in relation to their population percentage.

The Sixth Amendment provides that criminal defendants are entitled to trial "by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law."  In Michigan, the Legislature has deemed that the county is the "community" for circuit court jury selection purposes.  MCLA 600.1307a(1)(a) provides that to qualify as a juror, a person must be "a resident in the county for which the person is selected...".   Michigan defendants, therefore, must present countywide data to show that members of a distinctive group were under-represented in the jury pool.

In the instant case, Petitioner's statistical evidence focused exclusively on the city of Detroit.  By not presenting evidence regarding the racial composition of Wayne

5

County and the entire Wayne County jury pool, Petitioner has failed to establish under-representation of African Americans in Wayne County jury pools.  Moreover, the census data statistics[1] provided by Petitioner only addressed the racial/residency composition of the pool of jurors summoned to circuit court and assigned to venires on the date of his trial.  Petitioner, however, did not demonstrate that the jurors in the daily pool were selected from the list of qualified jurors by a non-random method, or that summoned jurors were not randomly assigned to venires.  By not providing statistical analyses of the racial compositions of multiple daily, monthly, or yearly jury pools over a significant period of time, Petitioner failed to prove his claim that African Americans were under-represented in Wayne County jury pools.

Petitioner has also not established that any under-representation by blacks as jurors was due to a systematic exclusion from the Wayne County jury selection process. He merely alleges that African Americans were not well represented in his jury venire. The trial court noted that the Wayne County Jury Commission took steps to correct the disparate results that occurred from the purely random "key number" system in order to provide representative juries for defendants in Wayne County Circuit Courts. The trial court further noted that these corrective measures demonstrated an intent by public officials not to exclude any group from jury service (See pp. 11-12 of Trial Court Opinion and Order dated 8-28-2001, at Docket # 12).

---

[1] It must be noted that census data is flawed because it does not show the percentage of the population that is <u>qualified</u> for jury service.  To be "jury eligible", a person need only be 18 years old, reside in the county and possess a driver's license or state identification card.  By statute, however, many of those who are eligible cannot serve as jurors.  See MCLA 600.1307a.

**6**

Because Petitioner has presented no evidence that African-Americans were systematically excluded from jury service in Wayne County, or that the selection process was not facially neutral, he is not entitled to relief on this claim.  Having failed to establish a prima facie violation of the fair-cross-section requirement of the Sixth Amendment, the Petitioner has not shown that the state courts' rejection of his claim resulted in a decision that was contrary to, or unreasonably applied, Supreme Court precedent.

For all of the above reasons, I find that there is no substantial showing of any violation of Petitioner's constitutional rights, and no basis under the highly deferential standard of the AEDPA to find any unreasonable application of clearly established federal law by the state trial courts in this case. Accordingly, it is recommended that the instant Petition for Writ of Habeas Corpus be dismissed.

The parties are advised that any objection to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Gadola's acceptance thereof is waived.

    s/Donald A. Scheer
    DONALD A. SCHEER
    UNITED STATES MAGISTRATE JUDGE

DATED: January 31, 2006

_____

### CERTIFICATE OF SERVICE

I hereby certify on January 31, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on January 31, 2006.  **None.**

    s/Michael E. Lang
    Deputy Clerk to
    Magistrate Judge Donald A. Scheer
    (313) 234-5217