UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICO WALLACE,

                                                CIVIL CASE NO. 04-40221

                    Petitioner,

v.

                                                HONORABLE PAUL V. GADOLA

ANDREW JACKSON,                                U.S. DISTRICT JUDGE

                    Respondent.
_____/

## ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, whereby Petitioner is challenging the validity of his state conviction for possession with intent to distribute between 225 and 650 grams of cocaine. Petitioner claims that he was deprived of his Sixth Amendment right to an impartial jury drawn from a fair cross section of the community. Before the Court is the Report and Recommendation of United States Magistrate Judge Donald A. Scheer, filed on January 31, 2006. The Magistrate Judge recommends that the petition be dismissed as Petitioner has shown no violations of his federal constitutional rights. Petitioner timely filed objections to the Report and Recommendation.

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). As the Supreme Court observed, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). If a party does object to portions of the Report

and Recommendation, the Court reviews those portions *de novo*. *Lardie*, 221 F. Supp. 2d at 807.

However, Plaintiff's objections to the Magistrate Judge's Report and Recommndation, are, in their entirety:

> 1. Petitioner objects to the Magistrate Judge's conclusion that he failed to satisfy the second prong of the *Duren v. Missouri* test, to wit; that the representation of blacks in venires from which juries were selected in Wayne County at the time of Petitioner's trial was not fair and reasonable in relation to the number of such persons in the community.
>
> 2. Petitioner objects to the Magistrate Judge's conclusion that he failed to satisfy the third prong of the Duren test, to wit; that the underrepresentation was due to the systematic exclusion of blacks in the jury selection process.
>
> 3. Petitioner objects to the Magistrate Judge's conclusion that he "has shown no violation of his federal constitutional rights."

Objs. at 1.  Regarding general objections, the Sixth Circuit has stated:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report.

*Howard v. Secretary of HHS*, 932 F.2d 505, 509 (6th Cir. 1991).  Petitioner's third objection is exactly the type of general object of which the Sixth Circuit speaks.  Petitioner's first and second objections specify to what they are objecting, but they do nothing more than disagree with the Magistrate Judge by stating a contrary conclusion.  As such, they point to no error in the Magistrate Judge's reasoning.  The Court's consideration of these objections would "effectively duplicate[]"

the functions of the Magistrate Judge.  Yet, "[t]his duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Id.* Accordingly, the Court will not consider Plaintiff's objections, and the Court need not conduct a review.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's objections [docket entry 21] are **OVERRULED**, the Report and Recommendation [docket entry 20] is **ACCEPTED** and **ADOPTED** as the opinion of this Court, and the petition for a writ of habeas corpus is **DISMISSED**.

**SO ORDERED.**

Dated:  February 23, 2006              s/Paul V. Gadola
                                       HONORABLE PAUL V. GADOLA
                                       UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   February 24, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
             Steven F. Fishman; Raina I. Korbakis                  , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                            .

                                       s/Ruth A. Brissaud
                                       Ruth A. Brissaud, Case Manager
                                       (810) 341-7845